UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTOPHER NEWMAN O'BANNON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. No. 18-10628-ADB |
| | * | |
| COMMONWEALTH OF MASSACHUSETTS, et al., | * | |
| | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons set forth below, the Court (1) directs the clerk to issue summons for service of the amended complaint on the U.S. Department of State; and (2) dismisses the claims against the Commonwealth.

I. BACKGROUND

On March 30, 2018, Christopher Newman O'Bannon, filed a *pro se* complaint against the Commonwealth of Massachusetts and the United States Department of State alleging the falsification of his medical records and the wrongful denial of his 2015 passport application. *See* Complaint ("Compl."), Dkt. No. 1. With his complaint, he filed a motion for leave to proceed *in forma pauperis*. *See* Pl. Motion, Dkt. No. 2.

By Memorandum and Order dated May 29, 2018, the Court allowed plaintiff to proceed *in forma pauperis* and directed him to show cause in writing why this action should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2). *See* Order, Dkt. No. 5. As to the claims against the Commonwealth, the Order explained that his claims against the Commonwealth are barred by the Eleventh Amendment of the United States Constitution. *Id.* As to the claim against the

State Department, the Order noted that plaintiff failed to allege receipt of a final administrative denial of his passport application. *Id.*

## II. DISCUSSION

Now before the Court is plaintiff's amended complaint. *See* Am. Compl., Dkt. No. 6. As to the claims against the Commonwealth, the Court cannot discern any claim for relief against the Commonwealth for which it has waived its Eleventh Amendment immunity or where Congress has overridden it. Therefore, the claims against the Commonwealth are dismissed.

As to the claim against the State Department, plaintiff seeks to have the State Department issue him a passport. Plaintiff alleges that "in December 2017 [he] received a final notice stating that [his] passport [application] will not be approved." *See* Am. Compl., p. 7. Here, the Court construes plaintiff's claim as seeking judicial review of a final agency action pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et seq*. Under the APA, a court must "hold unlawful and set aside agency action, findings, and conclusions found to be [ ] arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The Court will direct the clerk to issue summons for service of the amended complaint on the State Department's National Passport Center.

## III. CONCLUSION

Accordingly:

1. The claims against the Commonwealth are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The Clerk shall terminate the Commonwealth as a defendant; and

2. The Clerk shall issue a summons for service of the amended complaint on the State Department's National Passport Center; and

3. The Clerk shall send the summons, a copy of the amended complaint, and this Memorandum and Order to the plaintiff, who must thereafter serve the State Department's National Passport Center in accordance with Federal Rule of Civil Procedure 4(m). Plaintiff may elect to have service made by the United States Marshals Service. If directed by the plaintiff to do so, the United States Marshals shall serve the summons, amended complaint, and this Memorandum and Order upon the State Department's National Passport Center, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States; and

4. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, plaintiff shall have 90 days from the date of this Memorandum and Order to complete service.

**SO ORDERED.**

June 19, 2018

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE